GORDON LEE SEIBOLD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Seibold v. Commissioner
Docket No. 7382-74.
United States Tax Court
T.C. Memo 1976-96; 1976 Tax Ct. Memo LEXIS 308; 35 T.C.M. (CCH) 405; T.C.M. (RIA) 760096; March 25, 1976, Filed Gordon Lee Seibold, pro se. Paul G. Topolka, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $720.07 in petitioner's Federal income tax for 1972. The issue for decision is whether petitioner is entitled to a deduction of $3,900 for payments made to his former wife for the support of his children under a decree of divorce. FINDINGS OF FACT At the time petitioner Gordon Lee Seibold filed his petition, he was a legal resident of Peoria, Illinois. He filed his Federal income tax return for 1972 with the Internal Revenue Service Center, Kansas City, Missouri. On May 14, 1969, a decree of divorce was entered in the Circuit Court of the Tenth Judicial Circuit of Illinois, Peoria County, General Division, terminating the marriage of petitioner and his former wife, Barbara Louise Seibold. Under the *310 terms of this decree, petitioner was not required to pay alimony to his former wife, and he made no alimony payments to her in 1972. Petitioner's former wife had sole custody of their six minor children, however, and the decree provides: That Defendant shall pay to Plaintiff as child support the sum of $12.50 per child or $75 each week on each Saturday or Sunday hereafter. That in addition thereto, Defendant shall pay the reasonable medical, dental, hospital and drug bills for said children. In accordance with this order in the decree, petitioner paid $3,900 to his former wife for the support of their six children during 1972. On his Federal income tax return for 1972, petitioner deducted this amount as "child support," and the deduction was disallowed in the notice of deficiency. OPINION Petitioner expressly disavows any claim to a dependency exemption deduction for any of his six children even though, as noncustodial parent, he provided more than $1,200 for their support. Cf. sec. 152(e)(2)(B). [1]/ He stakes his claim on the ground that he paid his former wife $3,900 for the children's support and, therefore, should be entitled to a deduction for that amount. *311 Section 215 allows a husband who is divorced to deduct payments made to his former wife under a decree of divorce, provided such payments are includable in the wife's gross income under section 71. Section 71(b) [2]/ provides that payments which the decree specifies as payments for the support of a former husband's minor children are not includable in the wife's gross income under section 71(a). Since the $3,900 paid by petitioner to his former wife is not includable in her gross income, petitioner is not entitled to a deduction of that amount under section 215. We know of no other statutory provision that would permit a deduction for payments for the support of one's own children. It is true, as petitioner emphasizes, that the Internal Revenue Service allowed him a refund of $249.65 as claimed on his 1972 income *312 tax return in which this $3,900 deduction, plainly labeled "child support," was taken. The issuance of that refund, however, does not preclude a subsequent examination of the return and the determination of a deficiency in the light of the facts developed through such examination. Section 6211 [3]/ defines the term "deficiency" to provide for adjustments for refunds ("rebates") made during the taxable year. The Commissioner, therefore, may make a refund claimed on the taxpayer's return for the taxable year and subsequently, within the period of limitations, determine for that year a deficiency in income tax, including therein the amount of any refunds previously made. The evidence is clear that the notice of deficiency herein involved was mailed within the applicable statutory period and, therefore, the Commissioner is not barred from determining as a deficiency amounts including the prior refund granted petitioner. *313 To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue.
2. / SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (b) Payments to Support Minor Children.--Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. * * *↩
3. / SEC. 6211. DEFINITION OF A DEFICIENCY. (a) In General.--For purposes of this title in the case of income, estate, gift, and excise taxes, imposed by subtitles A and B, and chapter 42, the term "deficiency" means the amount by which the tax imposed by subtitle A or B or chapter 42 exceeds the excess of-- (1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over-- (2) the amount of rebates, as defined in subsection (b)(2), made. (b) Rules for Application of Subsection (a).--For purposes of this section-- * * *
(2) The term "rebate" means so much of an abatement, credit, refund, or other repayment, as was made on the ground that the tax imposed by subtitle A or B or chapter 42 or 43 was less than the excess of the amount specified in subsection (a)(1) over the rebates previously made. * * *↩